UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WEST NAPOLEON OFFICE BUILDING, LLC,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-511** |
| **INFUSION PARTNERS, LLC, ET AL.,**  Defendants | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Appeal/Review the Magistrate Judge's Decision.[1] On November 12, 2020, the Magistrate Judge issued an Order and Reasons[2] granting Plaintiff's motion to withdraw deemed admissions of fact[3] and Plaintiff's motion for leave to file out-of-time witness and exhibit lists and expert report.[4] The Magistrate Judge sets out the facts of the case, noting Plaintiff's failure to abide by the deadlines regarding discovery and the filing of witness and exhibit lists and expert reports.[5] In considering the Plaintiff's motion for leave to file out-of-time witness and exhibit list and expert report[6] and Plaintiff's motion to withdraw deemed admissions,[7] the Magistrate Judge states "denying the present motion[s] would very likely result in dismissal of Plaintiff's claims for purely procedural reasons, a result disfavored in the law."[8] The Magistrate Judge therefore granted Plaintiff's motions, but cautioned "Plaintiff's (or its counsel's) neglect will not be without consequences."[9] Plaintiff's failure to abide by the

---

[1] R. Doc. 54.
[2] R. Doc. 47.
[3] R. Doc. 27.
[4] R. Doc. 23.
[5] R. Doc. 47.
[6] R. Doc. 23.
[7] R. Doc. 27.
[8] R. Doc. 47 at 4.
[9] *Id.* at 5.

1

Court's Scheduling Order caused Defendants to file a motion for summary judgment based on the default admissions that resulted from the Plaintiff's failure, as well as an opposition memorandums[10] to Plaintiff's motions.

In his Order and Reasons, the Magistrate Judge granted both of Plaintiff's motions, allowing Plaintiff and its counsel to cure serious, case-ending deficiencies.[11] The Magistrate Judge also determined that, as sanctions for Plaintiff's failure to comply with the Court's Scheduling Order, Plaintiff was to pay $7,500 in reasonable attorneys' fees to Defendants.[12] On November 30, 2020, Plaintiff filed the instant motion for appeal/review of the Magistrate Judge's decision.[13]

## LAW AND ANALYSIS

The Fifth Circuit has ruled that a magistrate judge's imposition of discovery sanctions, including attorneys' fees, is a non-dispositive matter which is to be reviewed by a district court under a "clearly erroneous" standard of review, as set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).[14] The "clearly erroneous" standard requires that a court affirm the decision of a magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed."[15]

In this case, Plaintiff has not pointed to any mistakes made by the Magistrate Judge.[16] Plaintiff admits there was a violation of the Court's Scheduling Order, and

---

[10] R. Doc. 37, 38.
[11] R. Doc. 23, 27.
[12] R. Doc. 47.
[13] R. Doc. 54. Defendants filed an opposition at R. Doc. 57.
[14] *Blair v. Sealift, Inc.*, 848 F.Supp. 670, 678 (E.D. La. 1994) (citing *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1018 (5t h Cir. 1981).
[15] *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).
[16] R. Doc. 54-1.

suggests that, because the mistake was not willful or in bad faith, the sanctions imposed are disproportionate and represent an abuse of discretion.[17] Plaintiff confuses the correct standard applied when reviewing a Magistrate Judge's imposition of discovery sanctions—the standard is not abuse of discretion.[18] The correct measure is the "clearly erroneous" standard of review. The Plaintiff failed to show the Magistrate Judge committed a mistake in his Order and Reasons, as required by the applicable "clearly erroneous" standard of review. Plaintiff provides no evidence the Magistrate Judge clearly erred in imposing sanctions for Plaintiff's failure to comply with the Court's Scheduling Order. After a review of the record, the Court is not left with a definite and firm conviction that a mistake has been committed by the Magistrate Judge. Accordingly, the Court, giving the Magistrate Judge's decision the deferential review mandated by the "clearly erroneous" standard, affirms the sanctions awarded.

## CONCLUSION

**IT IS ORDERED** that the Magistrate Judge's Order and Reasons[19] is **AFFIRMED**.

New Orleans, Louisiana, this 22nd day of January, 2020.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Id.* at 3.
[18] *Id.*
[19] R. Doc. 47.